UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00519-FDW-DCK

| AHMED N. MUHTASEB, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| TAMARA ALZAYAT, FAIZUL R. KHAN, MAJDI ZAYYAT, ISLAMIC SOCIETY OF THE WASHINGTON AREA, AND SAWSAN RAHMAN, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on the motions to dismiss filed by Defendants Alzayat, Khan, Zayyat, and Rahman. (Doc. Nos. 6, 9). Plaintiff responded to the instant motions, (Doc. Nos. 13, 14, 16), and the moving Defendants have replied, (Doc. Nos. 15, 17). The motions have been fully briefed by the parties and are ripe for ruling. After a careful review of Plaintiff's Complaint, the Court concludes that it must dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction. In so ruling, the Court also sua sponte sets aside the Entry of Default against the Islamic Society of the Washington Area. The Court's ruling below is without prejudice and with leave to amend.

**I.     Background**

Plaintiff, who appears pro se, filed a Complaint against Tamara Alzayat, Majdi Zayyat, Sawsan Rahman, Faizul R. Khan, (collectively, "Individual Defendants"), and the Islamic Society of the Washington Area, alleging claims of breach of contract, unjust enrichment, conversion, invasion of privacy, intentional infliction of emotional distress, slander, libel, and fraud. (Doc.

1

No. 1). In short,[1] Plaintiff, a California resident, seeks to recover damages for a failed and short-lived marriage to Tamara Alzayat, who terminated the relationship after being told by Rahman and Zayat that Plaintiff had an addiction and substance abuse problem, as well as a health issue that prevented him from having children. Plaintiff alleges such information about an addiction and substance abuse problem was false and created only after Rahman, Alzayat's mother, improperly searched Plaintiff's personal belongings and found bottles for prescription medication. Plaintiff also contends that upon learning of these allegations, Khan and the Islamic Society of the Washington Area issued an Islamic Divorce Degree indicating that Plaintiff "is suffering from a serious physical defect" based on allegedly false information provided by Alzayat, Zayyat, and Rahman. (Doc. No. 1, p. 10). Plaintiff alleges Khan and the Islamic Society of the Washington Area distributed the decree to various members of the Islamic Community.

Consequently, Plaintiff alleges he is entitled to damages in the amount of approximately $9,362.08 for his breach of contract and conversion claims. Plaintiff contends Alzayat, Zayyat, and Rahman promised this amount to him in settlement of the terminated relationship. Plaintiff contends he is entitled to the sum of $10,862.06 for his unjust enrichment claim, which appears to combine the $9,362.08 amount plus a $1,500 deposit Plaintiff made related to the wedding. Plaintiff also alleges injuries of $9,362.08 in damages and $100,000 in punitive damages for his

---

[1] On a motion to dismiss, a court must "accept as true all of the factual allegations contained in the complaint." Ray v. Roane, 948 F.3d 222, 226 (4th Cir. 2020) (citation and quotations omitted). In addition, "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1)" (as Defendants do here), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). The background provided herein considers all the evidence before the Court, giving Plaintiff the benefit of all inferences.

2

Case 3:21-cv-00519-FDW-DCK   Document 25   Filed 09/29/22   Page 2 of 9

fraud claim.  Plaintiff alleges damages of $100,000 and punitive damages of $1,000,000 for each of his other causes of action.

## II.     Standard of Review

"The United States Courts are courts of specifically limited jurisdiction and may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).  Subject matter jurisdiction is a threshold issue without which the Court lacks the competency or ability to do anything other than dismiss the case. It is well-settled that the lack of such jurisdiction may be raised at any time by a litigant or the court *sua sponte*. Mansfield, C. & L. M. RY. CO. v. Swan, 111 U.S. 379, 382 (1884).  Subject-matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt.").

Original subject matter jurisdiction exists in the federal district court when, among other specific scenarios expressed in Title 28 of the U.S.C., the complaint raises a federal question under 28 U.S.C. § 1331 or the requirements for diversity jurisdiction are met under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. 1332(a)(1), "federal courts possess original subject matter jurisdiction over all civil actions, including solely state law claims, when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties' citizenship is completely diverse."

Dinkins v. Region, 289 F. Supp. 3d 756, 759 (W.D. Va. 2018) (citing to 28 U.S.C. § 1332 and Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005)). Generally, the amount claimed by the plaintiff controls the amount in controversy determination. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). However, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed." Id. at 288; see also Wiggins v. North American Equitable Life Assur. Co., 644 F.2d 1014, 1017 (4th Cir. 1981) (citing to St. Paul Mercury Indem. Co., 303 U.S. 283, when discussing the amount in controversy requirement); McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957) ("[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction."). "Exemplary or punitive damages may be included in determining whether a plaintiff has satisfied the amount in controversy requirement." Gordon v. Nat'l Bus. Consultants, Inc., 856 F.2d 186 (4th Cir. 1988) (citation omitted); see also R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc., 23 F. App'x 141, 145 n.3 (4th Cir. 2001). Although a pro se complaint is entitled to liberal construction, the Court is unable to invent potential bases for exercising subject matter jurisdiction. See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) ("jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

### III. Analysis

Defendants have specifically moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction asserting that the amount in controversy does not

satisfy the requirements for diversity jurisdiction.[2] Plaintiff alleges in his Complaint that this Court has diversity jurisdiction over his claims. (Doc. No. 1). However, Plaintiff has failed to show he has met the amount in controversy requirement.

While Plaintiff asks for $100,000 in compensatory damages, he has provided no factual basis or explanation for this amount. In fact, Plaintiff's only explanation of damages concerns the $9,362.08 and $1,500 related to the termination of his marriage and wedding expenses. Liberally construing Plaintiff's other allegations, only two relate to damages and assert in conclusory fashion his feelings of being "anxious, nervous, frightened, attacked, abused, and emotionally injured," as well as his reputation being "severely and permanently damaged." (Doc. No. 1, pp. 6, 17). These allegations of damages for his claims for invasion of privacy, intentional infliction of emotional distress, libel, slander, and fraud are conclusory and without legal merit. See Smith v. Bank of Am., No. 3:19-cv-72, 2019 WL 1558701, at *2 (W.D.N.C. Apr. 10, 2019) ("The Court cannot conclude under these circumstances [where the defendant has failed to explain the measure of damages] that Plaintiff's claim for $8,000,000 bears any relation to the damages she actually incurred or was made in good faith."); Swearington v. G6 Hosp., LLC, No. 3:14-cv-387, 2014 WL 5454320, at *2 (W.D.N.C. Oct. 27, 2014) ("Here, it is apparent that Plaintiff cannot recover $1,000,000 based on his claims for fraud, bad faith, and blameworthiness. His assertion that he should recover $1,000,000 for Defendant's failure to pay $810 is frivolous and without legal merit. Accordingly, this Court finds that Plaintiff has failed to satisfy the requirement that the amount in

---

[2] Here, the parties appear to agree that no federal question jurisdiction exists here, and the Court concludes that even the most liberal reading of Plaintiff's allegations against Defendants would not produce claims "arising under federal law." Plaintiff's claims resemble state tort claims.

5

controversy is in excess of $75,000 and therefore his complaint will be dismissed for lack of jurisdiction.").

In short, there is no factual allegation to plausibly support compensatory damages of $100,000, and nothing to support a claim for punitive damages of $1,000,000 under North Carolina law. No averments in the Complaint support his entitlement to damages emotional distress and harm to reputation. The gravamen of this case concerns approximately $10,000 that Plaintiff contends he is owed as a result of his broken relationship. The Court cannot conclude under these circumstances that Plaintiff's claim for damages in excess of $75,000 bears any relation to the damages he actually incurred or was made in good faith. Plaintiff has failed to satisfy the requirement under 28 U.S.C. § 1332(a) that the amount in controversy exceeds $75,000, and dismissal for lack of subject matter jurisdiction is therefore appropriate.

B.     Entry of Default against Islamic Society of the Washington Area

The Court *sua sponte* revisits the Entry of Default entered by the Clerk of Court against Defendant Islamic Society of the Washington Area on Plaintiff's Motion. (Doc No. 19). While the Court recognizes there is not an abundance of authority on this issue, at least one district court within the Fourth Circuit has recognized that a court may act *sua sponte* to set aside entry of default where it appears subject matter jurisdiction is lacking. Leavitt v. Solid Waste Servs., Inc., No. 5:05CV26, 2005 WL 8162260, at *3 (N.D.W. Va. Dec. 16, 2005) (citing Fed. R. Civ. P. 55(c); Wexler v. Pep Boys, Manny, Moe and Jack, 28 Fed. R. Serv. 2d 416 (E.D. Pa. 1979); Rose v. Elliot, 70 F.R.D. 422 (E.D. Tenn. 1976) (where court lacks jurisdiction of subject matter at time of entry of default, the default will be vacated)). The Court finds these authorities persuasive, particularly because subject matter jurisdiction cannot be waived, and the Court may consider

subject matter jurisdiction at any time, even after entry of judgment. See Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011).

Rule 55(c) of the Federal Rules of Civil Procedure permits a court to "set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider "[1] whether the moving party has a meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Rule 55(c) is to be "liberally construed," and "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969). The decision to set aside default "lies largely within the discretion of the trial judge." Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

Defendant Islamic Society of the Washington Area has not properly appeared in this matter;[3] however, Plaintiff would be unable to obtain a default judgment against that Defendant under this record considering the lack of subject matter jurisdiction in this action. Given the discretion afforded this Court and after considering the Payne factors, the Court finds that setting

---

[3] The Court notes Individual Defendant Faizul R. Khan submitted a declaration purporting that he is "representing Defendant: Islamic Society of the Washington Area" and asserting that his motion to dismiss was filed "on behalf of himself and on behalf of the Islamic Society of the Washington Area." (Doc. No. 20, p. 1). The motion to dismiss, however, fails to name or otherwise indicate it was being made on behalf of the Islamic Society of the Washington Area. (Doc. No. 6). In any event, Khan is not authorized under North Carolina to represent the Islamic Society in making such a motion. "An individual unquestionably has the right to litigate his own claims in federal court . . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005); see also In re Tamojira, 20 Fed. Appx. 133, 133–34 (4th Cir. 2001) ("[I]t is well settled that a corporation must be represented by an attorney in federal court."); McGowan v. Cross, Nos. 92–1480, 92–1584, 1993 WL 125416, at *3 n. 1 (4th Cir. Apr.22, 1993) (unpublished; decision without opinion, 991 F.2d 790). Accordingly, the Court has not considered Khan's declaration, (Doc. No. 20), in its ruling herein.

aside the entry of default against Defendant Islamic Society of the Washington Area is appropriate. This ruling is without prejudice to Plaintiff's ability to reassert any claims against Defendant Islamic Society of the Washington Area by filing a separate action in any appropriate State court or an Amended Complaint in this case.

C.     Without Prejudice and With Leave to Amend

This ruling does not constitute a decision on the merits and is without prejudice to Plaintiff's ability to file his claims against any Defendant in any State court where jurisdiction may exist. See, e.g., Bradley v. Johnson & Johnson, No. 1:12-cv-92, 2012 WL 1957812, at *3 (E.D. Va. May 30, 2012) ("[A] dismissal for lack of subject matter jurisdiction is not a determination on the merits and must be without prejudice.").

Dismissal here is without prejudice but *with* leave to amend. See Britt v. DeJoy, 45 F.4th 790 (4th Cir. 2022) (en banc). Plaintiff, who is proceeding *pro se*, may continue pursuing his claims in federal court by filing an Amended Complaint within 30 days of this Order fully setting forth the claims he wishes to pursue, the facts upon which those claims and damages are based, and the basis for the Court's subject matter jurisdiction. Plaintiff's Amended Complaint must include the instant case number and follow all applicable rules including the Court's local rules and the Federal Rules of Civil Procedure, including for service upon any named Defendants. The Amended Complaint must be complete in and of itself because it will supersede the original Complaint. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff may not amend the Complaint "piecemeal" by simply adding on to what he has already alleged in prior filings. If an Amended Complaint is filed, all Defendants shall have the right to raise any appropriate grounds for dismissal of that pleading. Because this Order does not address

8

Defendants' arguments on personal jurisdiction, insufficient service of process, failure to state a claim, and failure to join a party, Defendants may reassert any of those arguments to the extent they are applicable to the Amended Complaint. Like Plaintiff, Defendants must file a new motion to dismiss to address the Amended Complaint and must include any appropriate arguments and/or exhibits. In other words, they may not simply add on to what they have already provided to the Court.

If Plaintiff has not filed an Amended Complaint by the expiration of the thirty-day deadline, the Court will issue a final order and judgment. If Plaintiff wishes to stand on his complaint and appeal this order or pursue claims in a State court action before the expiration of the thirty-day deadline, then he should submit a filing to the Court waiving his right to amend and requesting a final order and judgment be issued by this Court.

### IV. Conclusion

IT IS THEREFORE ORDERED that the Court *sua sponte* sets aside the Entry of Default as to Islamic Society of the Washington Area, (Doc. No. 19).

IT IS FURTHER ORDERED that Defendants' Motions to Dismiss, (Doc. Nos. 6, 9), are GRANTED, and such dismissal is without prejudice to Plaintiff's ability to file a new case in State court and with leave to amend and file an Amended Complaint in the instant action.

IT IS SO ORDERED.

Signed: September 27, 2022

Frank D. Whitney
United States District Judge